UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 3 0 2009
Clerk, U.S. District and Bankruptcy Courts

JOHN LEWIS PRATT, )
)
Plaintiff, )
)
v. ) Civil Action No. 09 2270
)
G.H. JACKSON, )
)
Defendant. )

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed.

"Three inter-related judicial doctrines – standing, mootness, and ripeness – ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006) (quoting U.S. Const. art. III, § 2). A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff appears to bring this action on behalf of Eddie D. Pratt, who allegedly was arrested by a police officer in Candor, North Carolina. He is a lay person who is not qualified to appear in this Court on behalf of another person. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Even though plaintiff may represent

3

himself as a *pro se* litigant, it does not appear that he has sustained an actual injury caused by the named defendant's actions. Accordingly, the Court will dismiss this action without prejudice for lack of standing.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                    /s/ Ricardo M. Urbina
                                                 United States District Judge

Date: 11/18/09